IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PRESTON LEVONNE BUIE,            )
                                 )
            Petitioner,           )
                                 )        1:12CV1100
      v.                         )        1:08CR347-1
                                 )
UNTIED STATES OF AMERICA,        )
                                 )
            Respondent.           )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, Jr., District Judge**

On October 1, 2012, Petitioner Preston Levonne Buie ("Buie"), a federal prisoner, filed a motion and supporting memorandum, seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in case number 1:08CR347-1.[1] (Docs. 108 and 109.) The Government has responded to the motion (Doc. 120), Buie has filed a reply (Doc. 122), and Buie's motion is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

## BACKGROUND

On September 29, 2008, Buie was indicted by a grand jury in the Middle District of North Carolina and charged with possession with intent to distribute cocaine in violation of 21

---

[1] This and all further cites to the record are to the criminal case.

U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count One); possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count Two); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Count Three).  Following entry of a not guilty plea at arraignment (10/16/08 Minute Entry), this case was called for trial on March 30, 2009.  After a three-day trial, Buie was found guilty as to Count One and not guilty as to Counts Two and Three.  (4/1/09 Minute Entry; Jury Verdict (Doc. 69).) On February 25, 2010, this court sentenced Buie to 110 months of imprisonment on Count One.  (2/25/10 Minute Entry; Judgment (Doc. 82).)  On March 2, 2010, Buie appealed. (Doc. 79.)  On July 27, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Buie's judgment and sentence.  (Doc. 103.) United States v. Buie, 441 Fed. App'x 173 (4th Cir. 2011), cert. denied, ____ U.S. ____, 132 S. Ct. 1123 (2012).

In summary, this case arises from an investigation by Winston-Salem law enforcement.  Buie, 441 Fed. App'x at 174-75. The investigation proceeded until May 14, 2008, when an undercover purchase was arranged between the co-defendant, Cedric Denard Ingram ("Ingram"), and an undercover informant.

Id.  During the course of an attempted stop of the vehicle, which Buie was driving and in which Ingram was a passenger, the vehicle fled.  Id.  During the chase, the passenger, Ingram, threw a white powder out the window.  Id.  After the car came to a stop, Buie exited the vehicle from the driver-side door, after which two firearms were thrown from the same door.  Id.  Ingram then exited from the passenger-side door.  Id.  After a short chase, both were apprehended.  Id.

### **Buie's Claims**

Buie raises two claims in his motion.[2]  First, Buie alleges that counsel was ineffective at the plea-bargaining stage of the proceedings and failed to properly advise him with respect to the plea agreement offered by the Government.  (Petitioner's Mem. of Law ("Petitioner's Mem.") (Doc. 109) at 2.)  Second, Buie alleges that counsel failed to properly investigate the

---

[2] Buie's motion appears to suggest four grounds for relief. However, the first ground alleges ineffective assistance of counsel and refers to the memorandum in support of the motion for specifics. (Motion to Vacate, Ground One (Doc. 108).) Thereafter, each of Grounds Two through Four simply say "See Attached memorandum" without specific information. (Id., Grounds Two through Four.) The memorandum only states two grounds for ineffective assistance of counsel – the failure to properly advise Buie with respect to the tendered plea agreement and the failure to properly investigate. (See Petitioner's Mem. (Doc. 109) at 2.)  Thus, this court concludes that the motion only states two grounds for relief.

potentially exculpatory testimony offered by the co-defendant, Ingram. (Id.)

## DISCUSSION

Each of Buie's claims is based on alleged ineffective assistance of counsel at various stages of the proceeding. (See Petitioner's Mem. (Doc. 109).) As recently explained by a district court in the Eastern District of North Carolina,

> "[T]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel - that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687-91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535-36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296-97 & n.17 (4th Cir. 1992).
>
> An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409-10; Lafler, 132 S. Ct. at 1384-85; Hill, 474 U.S. at 57-58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt

> to "eliminate the distorting effects of hindsight."
> <u>Strickland</u>, 466 U.S. at 689. Therefore, the "court
> must indulge a strong presumption that counsel's
> conduct falls within the wide range of reasonable
> professional assistance." <u>Id.</u> A party also must show
> that counsel's deficient performance prejudiced the
> party. <u>See id.</u> at 687. A party does so by showing that
> there is a "reasonable probability" that, but for the
> deficiency, "the result of the proceeding would have
> been different." <u>Id.</u> at 694.

<u>Taylor v. United States</u>, No. 5:07-CR-324-D-1, No. 5:14-CV-163-D, 2014 WL 3763764, at *3 (E.D.N.C. July 30, 2014).

### **Ground One – Ineffective Assistance at Plea Bargaining**

In his motion, and in an attached Declaration, Buie contends that the Government offered, and, based upon counsel's erroneous advice, he rejected, a plea which required a plea to Count One and would have resulted in a dismissal of Counts Two and Three. (Petitioner's Mem. (Doc. 109) at 2-3, 8-9.) Buie contends too that he would have accepted such a plea had he not been counseled improperly. (<u>Id.</u>)

In <u>Lafler v. Cooper</u>, ____ U.S. ____, 132 S. Ct. 1376 (2012), the United States Supreme Court addressed how to apply the <u>Strickland</u> test of prejudice where ineffective assistance of counsel resulted in the rejection of a plea offer. In the context of a rejected plea, resulting in a trial and conviction,

> [A] defendant must show that but for the ineffective
> advice of counsel there is a reasonable probability
> that the plea offer would have been presented to the

> court (i.e., that the defendant would have accepted
> the plea and the prosecution would not have withdrawn
> it in light of the intervening circumstances), that
> the court would have accepted its terms, and the
> conviction and sentence, or both, under the offer's
> terms would have been less severe than under the
> judgment and sentence that were in fact imposed."

Lafler, 132 S. Ct. at 1385.

Buie's misadvice claim fails. This is because even if he was misadvised by defense counsel, Buie cannot establish that his conviction and/or sentence would have been different had he accepted the alleged plea.

Specifically, Buie is unable to show, by any standard, that his conviction and/or sentence would have been less severe than under the judgment and sentence that were in fact imposed. As noted previously, Buie was found guilty of Count One and not guilty of Counts Two and Three. Therefore, in terms of the trial, the result was identical to the alleged plea offer Buie says he rejected on the advice of counsel. In order to establish that a conviction and/or sentence under the alleged plea agreement would have been less severe, Buie argues that had he pled guilty to Count One only, he would have received a three-point reduction for acceptance of responsibility and had a resulting advisory guideline range of 41-51 months. (Petitioner's Reply (Doc. 122) at 5.) Buie's assumption that he

would have received a three-point reduction for acceptance is unfounded, as he has not presented any allegation to suggest he could have received a three-level reduction pursuant to U.S. Sentencing Guidelines Manual § 3E1.1.  To the contrary, Buie provided testimony which was not credible and is inconsistent with acceptance of responsibility.  See USSG § 3E1.1 cmt. n.1 ("In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . .").

For example, on March 3, 2009, during a hearing on a motion to suppress, Buie provided testimony inconsistent with acceptance of responsibility.  As this court noted in its oral ruling on the motion to suppress:

> In contrast to Trooper Pickard's testimony, Defendant Buie's testimony regarding the speed at which he traveled was not credible. For example, defendant contended that he remembered the speed in which he was traveling on the day in question, but he also testified that he did not remember going to the location where he was observed conversing with a confidential informant on that same date.

(Trial Tr., vol. 1 (Doc. 98) at 11; see also Tr. of Mot. to Suppress Hearing (Doc. 97) at 44, 48, 51, 68, 72, 89-94.)

Buie's first claim fails for this reason alone.[3] Simply put, Buie has not presented any evidence or reasoned allegation to suggest that he would somehow have qualified for acceptance of responsibility and received any reduction in his guideline calculation even if he had pled guilty. As a result, Buie has presented nothing but conjecture that his judgment and/or

---

[3] The court also observes that later at trial Buie denied knowledge of cocaine or firearms. (Trial Tr., vol. 3 (Doc. 100) at 27-28.) He also denied seeing any cocaine being thrown out of the car while he and Ingram were fleeing from law enforcement. (Id. at 28.)

sentence would have been different had he been offered, and accepted, the alleged plea.[4]

As explained, even taking Buie's claim of misadvice as true, it fails because there is no reasonable likelihood that

---

[4] Buie's argument that his guideline range would have been lower with a plea appears to suggest that had he accepted a plea offer, he would not have received an obstruction of justice adjustment because of his false testimony at trial. Notably, the plea agreement alleged by Buie only controls the counts of conviction, not the guideline calculation, so Buie's suggestion is speculative at best. However, Buie's allegations and the record in this case suggest Buie's receipt of acceptance of responsibility and avoidance of obstruction were not reasonably probable. At the motion to suppress hearing, Buie contended, as noted herein, that he was not speeding and this court did not find that testimony credible. Furthermore, Buie testified at that same hearing that he did not recall going to a BP station earlier that day (Tr. of Mot. to Suppress Hearing (Doc. 97) at 89), a clear effort to minimize his own involvement in the underlying cocaine transaction. That testimony was contrary to the confidential informant's description of Ingram and Buie's relationship. (Id. at 39.) It was also an apparent attempt to deny knowingly participating in the drug offense. The court observes too that Buie persists in presenting evidence that he did not know drugs were in the car (Petitioner's Mem., Affidavit of Cedric D. Ingram (Doc. 109) at 11) following a guilty verdict and simultaneously with an allegation that he would have accepted a plea of guilty. All of this conduct is indicative of obstruction as applied. (See USSG § 3C1.1 cmt. n.4 (the type of conduct to which obstruction applies includes "providing materially false information to a judge or magistrate judge").) Last, Buie has not raised arguments regarding his other guideline enhancement for obstruction for reckless endangerment during flight or his enhancement for the presence of firearms. (PSR ¶¶ 14, 18.) Indeed, there appears to be no reason why, even if his allegations are taken as true, he would not still have received all of these enhancements. Thus, Buie is unable to show that the guideline calculation and resulting sentence were at all likely to have been different pursuant to a plea than from that obtained following a jury trial.

but for the alleged misadvice, this case would have turned out differently.  While this is the end of the issue, the court observes further that Buie has also failed to meaningfully reply to the specifics provided by the Government in response to Buie's allegations regarding an apparently unwritten plea agreement. In its response to Buie's motion, the Government has attached a copy of a letter with a proposed plea agreement from the United States Attorney to Buie's original counsel, William S. Trivette.  That form reflects the Government's offer not to oppose a motion to dismiss Count Three if Buie pled guilty to Counts One and Two as part of a plea agreement in this case.  (Government's Resp. to Petitioner's Mot. to Vacate ("Gov't Resp."), Attach. B (Doc. 120-2) at 2-5.)[5]  Buie's trial counsel has also submitted an affidavit that states, notably, that the Government never offered to dismiss the charge of 18 U.S.C. § 924(c) (Count Two) as part of any plea.  Counsel's affidavit (Id., Attach. C (Doc. 120-3)) states that Buie "had been advised previously by Mr. Trivette that the Government sought a plea to the drug count and the 18 U.S.C. § 924(c) count.  This did not change with substitution of counsel."  (Id.

---

[5] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

¶ 4.) The details of the Government's response and trial counsel's affidavit support the notion that the only plea offer the Government offered or would accept required a plea of guilty to Counts One and Two.

In his reply, Buie does not meaningfully engage the specifics of the Government's response or counsel's affidavit, or provide additional support for his allegation that the Government extended a plea agreement requiring a plea only to Count One of the Indictment. Instead, Buie simply states in a footnote that he "disputes the plea agreement submitted within the Government's response, although he was verbally informed of the agreement, there was never any mention of pleading to additional charges." (Petitioner's Reply (Doc. 122) at 5 n.1.) This uncertain and somewhat self-contradictory admission does not advance Buie's argument or reply to the specifics of the Government's response.

### Ground Two - Failure to Investigate

Buie also alleges that trial counsel failed to investigate and interview Ingram in preparation for trial. (Petitioner's Mem. (Doc. 109) at 5.) Buie alleges too that he asked counsel to interview Ingram and that "Ingram's testimony would have demonstrated that Buie did not have knowledge of any narcotics

being present in the vehicle prior to the charged offense or during the commission of the charged offense." (Id.)  In support, Buie has filed Ingram's affidavit, asserting that "[p]rior to Mr. Buie proceeding to trial, I advised Mr. Buie that I was accepting responsibility for the drugs and firearm connected with this offense and that I was willing to testify on his behalf concerning his participation in this offense."  (Id. at 11.)

A decision to call a witness at trial is strategic and thus left to counsel.  United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 900 (2011); United States v. Terry, 366 F.3d 312, 317 (2004) (concluding that counsel's decision not to call witness at trial is afforded "enormous deference") (citation omitted).  Failure to investigate may rise to ineffective assistance of counsel, Sneed v. Smith, 670 F.2d 1348, 1353-54 (4th Cir. 1982), however, ineffective assistance is not shown when the witness not called to testify would not have helped the defense, Jones v. Taylor, 547 F.2d 808, 810-11 (4th Cir. 1977).

Buie satisfies neither prong of Strickland.  First, Buie has not demonstrated any likelihood of objectively unreasonable performance by trial counsel as to this issue.  Buie's trial

counsel asserts that prior to trial he spoke to Ingram's attorney and was told that Ingram's information "would be damaging to Mr. Buie." (Gov't Resp., Attach C. (Doc. 120-3) ¶ 7.) This conclusion is consistent with Ingram's statement to law enforcement at the time of the arrest, which was inculpatory as to Buie. (Id. ¶ 6; Case No. 1:08CR347-2, Sentencing Tr. of Cedric Ingram (Doc. 130) at 8-11, 20; see PSR ¶ 8.) That Ingram's statement to law enforcement was inculpatory is without question. (Sentencing Tr. of Cedric Ingram (Doc. 130) at 9 ("Ingram advised that Buie had inositol and was going to mix it up into 6 ounces to make 9 ounces. Ingram advised that the black gun belonged to him . . . Ingram said Buie had the other gun.").) Buie does not dispute this statement in his reply. (See Petitioner's Reply (Doc. 122).) Trial counsel's affidavit makes it clear he performed the required investigation by reviewing Ingram's post-arrest statement and in speaking to Ingram's lawyer, thereby confirming that Ingram would not, at that time, provide helpful testimony to Buie.

Moreover, Ingram's present affidavit does not contest or rebut the statement of Buie's counsel that Ingram's counsel, rather than Ingram himself, was contacted about Ingram's potential testimony. The decision of Buie's trial counsel to

investigate Ingram in this manner was reasonable.  See Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Likewise, even if Ingram was willing to testify for Buie at trial, counsel's decision not to call Ingram to the stand to testify was reasonable, given Ingram's prior statement to law enforcement which clearly implicated Buie in the charged crimes.  See id.

Second, Buie has failed to demonstrate that even if his counsel was deficient in failing to call Ingram at trial (which he was not) that any prejudice resulted.  As noted above, Ingram implicated Buie in the crimes at issue.  Upon arrest, Ingram stated that he and Buie arranged to sell cocaine to an individual Buie had met while in prison. (Gov't Resp., Attach. C (Doc. 120-3) ¶ 6; Case No. 1:08CR347-2, Ingram's Sentencing Tr. (Doc. 130) at 8-11, 20; see PSR ¶ 8.)  Ingram's present affidavit is contrary to the facts as they existed at the time of trial, and neither Buie nor Ingram explains how his current statement can be interpreted in light of his statement to law

enforcement following their arrest. Even assuming Ingram was later willing to testify as being responsible for the drugs in question, Ingram's inconsistent testimony, as set forth in the affidavit, would be hard to explain to a jury. (See Petitioner's Mem. (Doc. 109) at 11 ("At no time prior to the commission of this offense did Mr. Buie have knowledge of any drugs being present in the automobile. At no time during the commission of this offense did Mr. Buie have knowledge of any drugs being present in the automobile.").) This is especially so in light of the entire record in this case, including the testimony of the confidential informant, who described the nature of Buie's relationship with Ingram and implicated both in these crimes. (Trial Tr., vol. 1 (Doc. 98) at 27-35; Trial Tr., vol. 2 (Doc. 99) at 171-79.) Consequently, the Court cannot conclude that even had Ingram reversed his earlier statement and testified at trial for Buie, there is a reasonable probability of a different outcome.

## **CONCLUSION**

For these reasons set forth herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 108) is **DENIED** and that this action is dismissed with prejudice. A Judgment dismissing this action will be

entered contemporaneously with this Memorandum Opinion and Order.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 16th day of September, 2014.

_____
United States District Judge